**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4322**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVIN REEVES,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:07-cr-00206-1)

———————

Submitted:  November 18, 2016     Decided:  November 29, 2016

———————

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Carol A. Casto, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Reeves pled guilty in 2008 to one count of possession with intent to distribute five grams or more of crack cocaine, 21 U.S.C. § 841(a)(1) (2012), and was sentenced to 60 months' imprisonment, followed by 60 months of supervised release. He began his term of supervised release in November 2015. In April 2016, a petition to revoke Reeves' supervised release was filed. After a hearing, the district court found that Reeves had violated the terms of his supervised release by: (1) driving a motor vehicle while under the influence of marijuana, (2) failing to comply with a direction of the probation officer that he attend substance abuse counseling; and (3) failing to complete a four-month program at a halfway house, Dismas Charities.

The court revoked Reeves' supervised release and imposed a within-Guidelines sentence of four months' imprisonment, followed by 35 months of supervised release, including a special condition that Reeves serve five months in a community confinement center, or "halfway house." He appeals, claiming that the district court erred by imposing the five-month term of confinement in a halfway house. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013).

2

Accordingly, in examining a revocation sentence, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Moreover, because Reeves did not object, review is limited to plain error. United States v. Price, 777 F.3d 700, 711 (4th Cir.), cert. denied, 135 S. Ct. 2911 (2015); Fed. R. Crim. P. 52(b).

We will affirm a revocation sentence that falls within the statutory maximum, unless we find that the sentence is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will this court determine whether the sentence is "plainly" so. Id. at 439. A district court may impose community confinement as a condition of supervised release, though it is recommended that such a term not exceed six months. See USSG § 5F1.1 cmt. n.2.

A revocation sentence is procedurally reasonable if the district court has considered the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter

3

Seven of the Guidelines. Id. The district court also must provide an explanation for its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

Here, the district court ordered the community housing condition to assure that Reeves receive drug abuse counseling and treatment. The court noted that Reeves' conduct underlying the revocation of his supervised release involved possession of marijuana, operating a vehicle while under the influence of a controlled substance, and failure to participate in drug abuse counseling sessions as directed by his probation officer. Accordingly, the special condition addressed Reeves' need for medical care and treatment as contemplated by § 3553(a)(2)(D).

Because the district court properly considered the applicable § 3553(a) factors and Chapter 7 policy statements, provided an explanation of the sentence it imposed, and was authorized to impose the special condition of supervised release, we conclude that Reeves' sentence was reasonable. Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED